IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ASHAMIR D. JOHNSON,

    Plaintiff,

v.                              CV 421-207

SAVANNAH POLICE OFFICER RICKY
DEAS and DEPUTY SHERIFF L.
HOLMES,

    Defendants.

**O R D E R**

Plaintiff Ashamir Johnson filed this lawsuit while imprisoned at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 6 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such

relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's Complaint is dismissed for failing to state a claim.

## I.   BACKGROUND

Plaintiff brings the present Section 1983 claim against Savannah Police Detective Ricky Deas and Deputy Sheriff L. Holmes, making allegations regarding his arrest and subsequent confinement. (See Doc. No. 1.) Specifically, he alleges that on September 11, 2020, Defendant Deas applied for a warrant, swearing that he had probable cause that Plaintiff committed the offense of felony murder by using a firearm. (Id. at 5.) Plaintiff alleges that Defendant Deas knew or should have known that he would have to also charge Plaintiff with possession of the firearm that was used, as well as aggravated assault, in order for the warrant for felony murder to be issued in good faith. (Id.) Plaintiff alleges that even though Defendant Deas's investigation was not complete, Plaintiff was falsely arrested and detained for six months and six days under the resulting bad faith warrant. (Id.) Plaintiff's arrest also led to an additional warrant being issued for violation of probation. The felony murder warrant was ultimately quashed and dismissed on March 9, 2021. (Id.)

Next, Plaintiff alleges that Defendant Holmes executed a superior court bench warrant in bad faith on March 15, 2021, even

though the deputy knew or should have known there was no probable cause. (Id. at 6.) Plaintiff alleges that "the form used as a true bill of indictment is simply the allegation that a grand jury has found probable cause & that just because the form is stamped as 'filed in open court' and signed by the clerk & foreperson of the grand jury does not mean that the process of the true bill of indictment (probable cause) being returned in open court took place." (Id.) He states he alerted Defendant Holmes via grievance that because the clerk did not record and transcribe the return of the true bill of indictment, the indictment and therefore the bench warrant relying on the indictment were issued and filed against him unlawfully. (Id. at 6.) Plaintiff states that because of this, he was illegally detained at the Chatham County Detention Center since March 15, 2021. (Id.)

Plaintiff demands $350,000.00 in punitive damages from Defendant Deas and $175,000.00 from Defendant Holmes. (Id. at 8.) Plaintiff demands that both Defendants be required to pay filing fees and attorney/expert assistant fees that may arise from the present suit. (Id.) He additionally requests the appointment of counsel. (Id. at 7.) Plaintiff appears to have been released from jail. (See Notice of Change of Address, Doc. No. 10.)[1] As

---

[1] The docket for Plaintiff's criminal case indicates that the charges against him were terminated as *nolle prosequi*. See State of Georgia v. Ashamir Donshaye Johnson, Case No. SPCR21-00972-J6 (Ga. Superior Ct. Mar. 9, 2021). An order of release was issued in that case on March 16, 2022.

an initial matter, the Court will exercise its broad discretion to deny Plaintiff's request to appoint counsel contained in his Complaint. See Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) ("Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances.") (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)).

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp.

4

v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## III. DISCUSSION

The Court construes Plaintiff's allegations against Defendant Deas as a malicious prosecution claim. See Carter v. Gore, 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one . . . constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest.") The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003). To establish a federal malicious prosecution claim under Section 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution. Uboh v. Reno, 141 F.3d 1000, 1002-04 (11th Cir. 1998), abrogated on other grounds by Nieves v. Bartlett, 139 S. Ct. 1715, 1726 (2019). The constituent elements of the common law tort of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Grider v. City of Auburn, Ala., 618 F.3d 2140, 1256 (11th Cir. 2010) (citing Wood, 323 F.3d at 882).

Plaintiff here has alleged that Defendant Deas unlawfully requested a warrant for felony murder, which resulted in an indictment being issued and his arrest, followed by his six-month detention. Moreover, he asserts the charges against him were ultimately "quashed and dismissed." (Doc. No. 1, at 5.) Under Georgia law, "an inquiry before a committing court or a magistrate shall amount to a prosecution" for the purposes of malicious prosecution. See Sheffield v. Futch, 839 S.E.2d 294, 299 (Ga. Ct. App. 2020). Thus, Plaintiff successfully alleges the first element. Next, the dismissal of Plaintiff's case likely constitutes a judgment in his favor, satisfying the third element. See Laskar v. Hurd, 972 F.3d 1278, 1285 (11th Cir. 2020) ("We have also held that a prosecutor's unilateral dismissal of charges against a plaintiff constitutes a favorable termination.") (citing Uboh, 141 F.3d at 1005-06). Regarding element four, Plaintiff spent six months in jail constituting injury worthy of damages. See McDonough v. Smith, 139 S. Ct. 2149, 2160 (2019) (noting that the injury caused by a classic malicious prosecution first occurs as soon as the legal process is brought to bear on a defendant); see also Kelly v. Curtis, 21 F.3d 1544, 1557 (11th Cir. 1994) (holding that "a plaintiff may recover nominal damages even though he suffers no compensable injury" when he raises a claim of malicious prosecution under the Fourth Amendment).

However, Plaintiff's claim ultimately fails because he has not alleged that Defendant Deas acted with malice and without probable cause. Wynn v. City of Griffin, Georgia, 2021 WL 4848075, at *6 (11th Cir. Oct. 18, 2021). Malice may be inferred where the defendant "makes a false statement to the police for achieving some personal goal," McKissick v. S.O.A. Inc., 684 S.E.2d 24, 29 (Ga. Ct. App. 2009), when a person acts out of "personal spite," id., or when a person acts with a "reckless disregard for or conscious indifference to the rights of the plaintiff," Flaming v. U-Haul Co. of Ga., 541 S.E.2d 75, 78 (Ga. Ct. App. 2000). Here there is no accusation or details given by Plaintiff to support a claim that Defendant Deas made false statements, acted out of personal spite, or in reckless disregard of Plaintiff's rights.

Instead, Plaintiff's argument is that Defendant Deas knew or should have known that in order to obtain a valid warrant, he would have to charge Plaintiff with the crime that allegedly served as the underlying felony in his felony murder charge — possession of a firearm or aggravated assault. This argument is simply defective. See, e.g., Young v. State, 721 S.E.2d 855, 862-63 (Ga. 2012) (overruled on other grounds by Nalls v. State, 815 S.E.2d 38, 45 (Ga. 2018) ("[A]s long as there are sufficient facts in the felony murder count that put the defendant on notice of the underlying felony, then a felony murder conviction is proper even if the defendant is not indicted separately for the underlying

felony.") (citing Middlebrooks v. State, 324 S.E.2d 192 (Ga. 1985) (holding that indictment charging defendant with malice murder and with possession of pistol during commission of a crime included facts sufficient to warrant charge of felony-murder with aggravated assault as supporting felony, even though defendant was not indicted for aggravated assault)); State v. Jones, 553 S.E.2d 612, 615 (Ga. 2001) ("The underlying felony need not be charged as a separate substantive offense . . . ."). Because Plaintiff only sets forth conclusory and defective allegations as to lack of probable cause or malicious intent, his malicious prosecution claim against Defendant Deas is dismissed.

Turning to the claim against Defendant Holmes, the Eleventh Circuit has identified false arrest as a violation of the Fourth Amendment and a viable claim under § 1983. Ortega v. Christian, 85 F.3d 1521, 1525-26 (11th Cir. 1996). However, when an arrest warrant has been issued, a police officer is entitled to rely on the magistrate's probable cause determination, as long as that reliance is objectively reasonable. United States v. Leon, 468 U.S. 897, 922 (1984). Plaintiff alleges that Defendant Holmes executed a warrant based on an indictment which had not been recorded or transcribed in "open" court, constituting a violation of his Due Process Rights. (Doc. No. 1, at 6.) In making this claim, he appears to assert that the clerk's stamp was falsely or improperly applied. Even accepting Plaintiff's allegations

9

regarding the clerk as true, they do not bolster a plausible claim against Defendant Holmes.  In other words, Plaintiff offered no plausible or non-conclusory facts to show why Defendant Holmes should not have relied on the warrant or the magistrate's probable cause determination.  Accordingly, his claims against Defendant Holmes are dismissed as well.

## IV.  CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any arguably viable claims in his Complaint. Moreover, Plaintiff's request for appointment of counsel is **DENIED**.  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  The clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE